UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| LOBERG EXCAVATING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  3:21-cv-50263 |
| | ) | |
| THE CINCINNATI INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## LOBERG EXCAVATING, INC.'S COMPLAINT AGAINST THE CINCINNATI INSURANCE COMPANY FOR DECLARATORY JUDGMENT

Plaintiff Loberg Excavating, Inc. ("Loberg"), by and through its attorneys, Swanson, Martin & Bell, LLP, for its Complaint against The Cincinnati Insurance Company ("Cincinnati Insurance"), and states the following:

### THE PARTIES

1.     Loberg Excavating, Inc. is an Illinois corporation who maintains its principal place of business in Pearl City, Illinois.

2.     Cincinnati Insurance is an Ohio corporation who maintains its principal place of business in Fairfield, Ohio.

### JURISDICTION AND VENUE

3.     Jurisdiction in this matter is based upon 28 U.S.C. 1332 as the plaintiff and defendant are citizens of different states, and the amount at issue exceeds the jurisdictional requirements.

4.     Venue properly lies in this district pursuant to 28 U.S.C. 1391(b) as a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this judicial district.

## FACTS

**A.     Loberg's Contract with Yunker Plastics, Inc.**

5.     On or about November 21, 2017, Loberg and Yunker Plastics, Inc. ("Yunker") entered into a Subcontract Work Order (the "Subcontract"), a true and accurate copy of which is attached hereto as ***Exhibit 1***

6.     Pursuant to the Subcontract, Yunker agreed to supply certain goods and perform certain services, including supplying and installing the liner and ventilation system for a waste lagoon expansion located at 10010 N. Rock City Road, Rock City, Illinois (the "Project").

7.     In the Instructions page of the Subcontract, Yunker was expressly instructed to "Please submit a certificate of insurance if we do not have a current certificate on file. Certificate must list Loberg Excavating, Inc. as additional insured (or check 'addl insured' box) for both commercial general liability and automotive liability per our insurance company." (Exhibit 1, p. 1).

8.     The Subcontract contains a separate General Conditions page, wherein Yunker agreed to certain conditions, including, but not limited to the following:

> a.  Guarantee installation of the liner against defects of materials and workmanship for a period of one year;
>
> b.  Repair and/or replace any defective work;
>
> c.  Save and hold Loberg harmless from and against all claims for damages to persons or property caused by Yunker's operations.

(Exhibit 1, p. 3).

9.     The Subcontract also had the following indemnification clause:

> To the fullest extent permitted by law, [Yunker] shall indemnify and hold harmless the Owner, the Architect, and [Loberg] and all their agents and

2

employees from and against all claims, damages, losses, and expenses, including, but not limited to attorney's fees arising out of, or resulting from, the performance of [Yunker's] Work under this Subcontract, providing that any such claim, damage, loss, or expense is attributable to bodily injury, sickness, disease, or death, or to injury to or destruction of tangible property (other than the Work itself) including the loss of use resulting therefrom, to the extent caused in whole or in part by any negligent act or omission of [Yunker] or anyone directly or indirectly employed by him or anyone for whose acts he may be liable, regardless of whether it is caused in party by a party indemnified hereunder. Such obligation shall not be construed to negate, or abridge, or otherwise reduce any other right or obligation of indemnity which would otherwise exist as to any party or person described.

Herein in any and all claims against the Owner, the Architect, or [Loberg] or any of their agents or employees by any employee of [Yunker], anyone directly or indirectly employed by him or anyone for whose acts he may be liable, the indemnification obligation shall not be limited in any way by any limitation on the amount or type of damages, compensation, or benefits payable by or for the Subcontractor under worker's or workmen's compensation acts, disability benefit acts, or other employee benefits acts.

The obligations of the [Yunker] shall not extend to the liability of the Architect, his agents or employees arising out of (1) the preparation or approval of maps, drawings, opinions, (2) the giving or the failure to give directions or instructions by the Architect, his agents or employees.

(Exhibit 1, p. 4).

**B.** **Cincinnati Insurance's Policy Issued to Yunker**

10. Cincinnati Insurance issued its commercial general liability policy of insurance numbered ENP 041 46 82 to Yunker as a named insured for the effective policy period of November 20, 2016 to November 20, 2019 ("the Cincinnati Policy"). (*See* Cincinnati Policy issued to Yunker, attached hereto as ***Exhibit 2***).

11. The Cincinnati Insurance Policy contains the following coverage for property damage liability:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages…

(Exhibit 2, p. 18).

12. The Cincinnati Insurance Policy contains the following additional insured endorsement:

### COMMERCIAL GENERAL LIABILITY EXTENDED LIABILITY ENDORSEMENT

This endorsement modifies insurance provided under the following:…

**7. Automatic Additional Insured – Specific Relationship**

**a.** The following is hereby added to **SECTION II – WHO IS AN INSURED:**

**(1)** Any person or organization described in Paragraph **7.a.(2)** below (hereinafter referred to as additional insured) whom you are required to add as an additional insured under this Coverage Part by reason of:

(a) A written contract or agreement…

is an insured, provided:

(a) The written or oral contract or agreement is:

1) Currently in effect or becomes effective during the policy period; and

2) Executed prior to an "occurrence" or offense to which this insurance would apply; and

(b) They are not specifically named as an additional insured under any other provision of, or endorsement added to, this Coverage Part.

**(2)** Only the following persons or organizations are additional insured under this endorsement, and insurance coverage provided to such additional insureds is limited as provided herein:…

4

(c) Any person or organization (referred to below as vendor) with whom you have agreed per Paragraph **7.a.(1)** above to provide insurance, but only with respect to "bodily injury" or "property damage" arising out of "your products" which are distributed or sold in the regular course of the vendor's business, subject to the following additional exclusions…

(Exhibit 2, p. 53).

### C. The Underlying Complaint

13. On November 27, 2019, Devansoy, Inc. (the "Underlying Plaintiff") filed a complaint against Loberg in the Circuit Court of the 15th Judicial Circuit, County of Stephenson, State of Illinois, Cause No. 2019 L 40 (the "Underlying Litigation"). (A true and accurate copy of the complaint is attached hereto as ***Exhibit 3***).

14. This complaint was subsequently amended and the current operative pleading in the Underlying Litigation is the First Amended Verified Complaint. (A true and accurate copy of the First Amended Verified Complaint is attached hereto as ***Exhibit 4***).

15. As part of the Underlying Litigation, Underlying Plaintiff alleges that Loberg was negligent and breached its duty of care by "Installing a liner that was defective or otherwise unsuitable." (Exhibit 4, Count VI, ¶¶ 39-42).

16. As result of this alleged negligence, Underlying Plaintiff alleges that it suffered damages to its lagoon and other property. (Exhibit 4, Count VI, ¶ 42).

### D. Cincinnati Insurance's Obligations Owed to Loberg as an Additional Insured

17. Pursuant to its Subcontract, Yunker was expressly instructed to provide additional insurance for Loberg under its commercial general policy, i.e. the Cincinnati Policy.

18. The Subcontract was in effect during the policy period of the Cincinnati Policy.

19. The Subcontract was executed prior to the occurrence alleged in the Underlying Litigation.

5

20.     Loberg was a vendor for Yunker, as defined under the Cincinnati Policy, as Loberg sold Yunker's liner to Underlying Plaintiffs in the regular course of Loberg's business.

21.     Therefore, Loberg meets all of the requirements to be an additional insured under the Cincinnati Policy's Commercial General Liability Extended Liability Endorsement.

22.     Loberg tendered its defense regarding the claims in the Underlying Litigation to Cincinnati Insurance on March 4, 2019, December 4, 2019 and December 7, 2020. (*See* Tender Letters attached hereto as ***Exhibit 5***).   Loberg again tenders its defense to Cincinnati Insurance through this Complaint.

23.     Cincinnati Insurance has issued denial letters on January 18, 2020, and January 8, 2021 to Loberg's tenders. (*See* Denial Letters attached hereto as ***Exhibit 6***).

24.     Loberg has hired counsel to defend itself against the allegations made and the damages sought in the Underlying Litigation.  Loberg and its insurer has paid for attorney's fees and expenses incurred in defending Loberg in its Underlying Litigation.

### COUNT I – DECLARATORY JUDGMENT CLAIM AGAINST CINCINNATI INSURANCE COMPANY

25.     Loberg incorporates and realleges paragraphs 1-24, as if fully set forth herein.

26.     Cincinnati Insurance owes Loberg a defense for the Underlying Litigation because Loberg qualifies as an additional insured on the policy for the allegations within the operative complaint in the Underlying Litigation and because the terms of the additional insured endorsement do not preclude the possibility of coverage for Loberg.

27.     As a result of Cincinnati Insurance's failure to defend Loberg in the Underlying Litigation, Loberg and its insurer have incurred attorneys' fees and costs in defending itself in the Underlying Litigation and attorneys' fees and costs in pursuing Cincinnati Insurance to comply with its obligations to Loberg under the Cincinnati Policy.

6

28.     By reason of the foregoing, an actual and justiciable controversy exists between the parties which may be determined by a judgment or order of this Court.

Wherefore, Loberg Excavating, Inc. respectfully requests that this court enter judgment in its favor, finding that Cincinnati Insurance Company owes Loberg a defense for the Underlying Litigation, award attorney's fees and costs incurred in connection to the Underlying Litigation, award attorney's fees and costs incurred in connection with Loberg being forced to pursue coverage from Cincinnati Insurance, and award any other relief it deems appropriate.

Respectfully submitted,

*/s/ T. Allon Renfro*
One of the Attorneys for Plaintiff
Loberg Excavating, Inc.

David E. Kawala
T. Allon Renfro
SWANSON, MARTIN & BELL, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
Telephone: 312/321-9100
Fax: 312/321-0990
dkawala@smbtrials.com
trenfro@smbtrials.com